JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

RAMIL LAURETA, )
)
    Plaintiff, )
)
vs. )
)
FOOD SERVICES OF AMERICA, INC., )
)
    Defendant. )
) Case No.: 3AN-18-_____ CI
)

## COMPLAINT

COMES NOW the Plaintiff Ramil Laureta, by and through counsel, Johnson Beard & Trueb, PC, and for his Complaint against the Defendant alleges:

### JURISDICTION & VENUE

1.     At the time of the incident alleged herein, Plaintiff was a resident of Anchorage in the state of Alaska, Third Judicial District.

2.     To the best of Plaintiff's knowledge, information and belief, Defendant was and is a nationwide company incorporated and licensed to do business under the laws of Alaska.

3.     The events from which these claims arise occurred at or near Defendant's warehouse located at 10420 Olive Lane, in Anchorage, Alaska, within the Third Judicial District.

### FACTS RELEVANT TO CLAIMS

4.     On November 16, 2017, Plaintiff Ramil Laureta, was struck by a forklift and/or its load and was injured ("the incident").

5.     At the time of the incident, Mr. Laureta was an employee of TW Services Inc.

Complaint
*Laureta vs. Food Services of America*    Page 1 of 6
EXHIBIT B, Page 1 of 6

Case 3:18-cv-00276-SLG   Document 1-2   Filed 11/21/18   Page 1 of 6

6. At the time of the incident on November 16, 2017, Mr. Laureta was working as an employee of TW Services, Inc., in the warehouse owned by Defendant, at 10420 Olive Lane, in Anchorage, Alaska.

7. At the time of the incident, Mr. Laureta was not an employee of Defendant.

8. At the time of the incident, Defendant operated and managed the warehouse at 10420 Olive Lane, in Anchorage, Alaska.

9. At the time of the incident, the forklift that struck Mr. Laureta was driven by an employee of Defendant ("Defendant's forklift driver").

10. At the time of the incident, the forklift that struck Plaintiff was owned by Defendant.

11. At the time of the incident, Mr. Laureta was standing in an area marked and designated for lumping freight.

12. At the time of the incident, Mr. Laureta was standing in a proper place for him to perform his job duties.

13. At the time of the incident, Mr. Laureta was facing his freight in the designated marked area when he was struck by the forklift.

14. At the time of the incident, Mr. Laureta was where he was supposed to be, doing what he was supposed to be doing.

15. A forklift driver working in Defendant's warehouse should not drive a forklift into an area without being able to see where he is going.

16. At the time of the incident, Defendant's forklift driver was using the forklift to transport a pallet of freight loaded across the width and length of the pallet and higher than the head of the seated forklift driver while operating the forklift.

Complaint
*Laureta vs. Food Services of America*                                    Page 2 of 6
EXHIBIT B, Page 2 of 6

Case 3:18-cv-00276-SLG   Document 1-2   Filed 11/21/18   Page 2 of 6

17. At the time of the incident, the forklift driver could not see around the load carried by the forklift when driving in a forward direction.

18. Defendant's forklift driver was driving the loaded forklift forward when the forklift struck Mr. Laureta.

19. At the time of the incident, the load carried by the forklift partially blocked the view of the forklift driver.

20. Defendant's forklift driver did not see Mr. Laureta when the forklift struck Mr. Laureta.

21. At the time of the incident, the forklift driver did not honk a horn or sound any alert or alarm when driving into the space where Plaintiff was working.

22. If Defendant's forklift driver would have seen Mr. Laureta, he would not have struck him with the forklift.

23. At the time of the incident, Defendant's forklift and/or the load it was carrying, struck Mr. Laureta in the area of Mr. Laureta's right knee.

## RESPONDEAT SUPERIOR

24. Defendant's forklift driver was on-the-job, performing his work duties within the course and scope of his employment with Defendant at the time of the incident.

25. Defendant's forklift driver was acting as Defendant's agent at the time of the incident.

26. Defendant Food Services of America is liable as respondeat superior for the actions of its employees at the time of the incident, including, but not limited to, the driver of the forklift which struck and injured Mr. Laureta on November 16, 2017.

Complaint
*Laureta vs. Food Services of America*　　　　　　　　　　　　　　　　　　　　　　　Page 3 of 6
EXHIBIT B, Page 3 of 6

Case 3:18-cv-00276-SLG   Document 1-2   Filed 11/21/18   Page 3 of 6

## NEGLIGENCE, GROSS NEGLIGENCE, AND RECKLESSNESS

27. At the time of the incident, Defendant had a duty to provide a safe workplace for all persons working on its premises.

28. Prior to and at the time of the incident, Defendant had a duty to enact and enforce proper safety procedures and policies to provide a safe work place for all persons working in its warehouse.

29. Prior to and at the time of the incident, Defendant had a duty to properly train its forklift drivers to drive safely and not endanger other persons working in Defendant's warehouse.

30. On information and belief, Defendant failed to enact and enforce proper procedures and policies in connection with forklift operations in its warehouse.

31. On information and belief, Defendant failed to provide proper training to its forklift drivers and its employees, to provide a safe place for all persons working in its warehouse.

32. On information and belief, prior to and at the time of the incident, Defendant had a pattern and practice of failing to enact and enforce proper procedures and policies in connection with warehouse operations, including, but not limited to, forklift operations.

33. On information and belief, prior to and at the time of the incident, Defendant had a pattern and practice of failing to properly train its employees and others working in its warehouse operations, including, but not limited to, forklift operations.

34. The injuries of Plaintiff in the incident were caused by Defendant's pattern and practice of failing to enact and enforce proper procedures and policies in connection with all of its warehouse operations.

Complaint
*Laureta vs. Food Services of America*   Page 4 of 6
EXHIBIT B, Page 4 of 6

Case 3:18-cv-00276-SLG   Document 1-2   Filed 11/21/18   Page 4 of 6

35. The injuries of Plaintiff in the incident were caused by Defendant's pattern and practice of failing to properly train its employees and others working in its warehouse operations.

36. Defendant was negligent, grossly negligent, and reckless when it failed to enact and enforce proper procedures and policies, and to provide proper training to its employees to provide for the safety of all persons working in its warehouse operations.

37. Defendant's forklift driver was negligent, grossly negligent, and reckless when he operated the forklift in an unsafe manner such that he struck Mr. Laureta with the forklift.

38. The negligence, gross negligence, and recklessness of Defendant's employees, and of Defendant itself caused the injuries and damages to Plaintiff.

## PLAINTIFF'S INJURIES AND DAMAGES

39. Plaintiff was seriously injured when he was struck by a forklift on November 16, 2017.

40. Plaintiff received medical treatment including surgery and incurred medical bills for his injuries sustained in the incident with the forklift.

41. Plaintiff suffered pain and disability as a result of the injuries he sustained in the incident with the forklift.

42. Plaintiff lost his job as a result of the injuries he sustained in the forklift incident.

43. As a direct and proximate result of the incident, Plaintiff was injured and suffered losses and damages, including, but not limited to, those losses and damages identified above, as well as losses in the past and future consisting of disability, pain and suffering, medical expenses, lost earnings and benefits from employment, other economic losses, mental and emotional distress, loss of enjoyment of life, negligent infliction of emotional distress, and other damages to be set forth at trial.

Complaint
*Laureta vs. Food Services of America*  Page 5 of 6
EXHIBIT B, Page 5 of 6

Case 3:18-cv-00276-SLG   Document 1-2   Filed 11/21/18   Page 5 of 6

WHEREFORE, Plaintiffs pray for relief from Defendant as follows:

(1) for total monetary damages, both special and general, within the jurisdiction of this Court, the exact amount to be proved at trial;

(2) for costs, interest, and attorney's fees; and

(3) for such other and further relief as the Court may deem equitable and just.

DATED this 7th day of November, 2018 at Anchorage, Alaska.

JOHNSON BEARD & TRUEB, PC
Attorneys for Plaintiff

Douglas G. Johnson, ABA No. 9511061

Complaint
*Laureta vs. Food Services of America*